**Guy F. BROWN, Plaintiff,**

v.

**Donald HARTNESS, Assistant Superintendent Missouri Training Center for Men, Moberly, Missouri, et al., Defendants.**

**Civ. A. No. 73 C 10(4).**

United States District Court,
E. D. Missouri, E. D.

April 18, 1973.

---

252

Guy F. Brown, pro se.

John C. Danforth, Atty. Gen., State of Missouri, and Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., for defendants.

## MEMORANDUM AND ORDER

WANGELIN, District Judge.

This action is before the Court on the motion of the defendants who are the assistant superintendent and three mail room employees of the Missouri Training Center for Men in Moberly, Missouri, to dismiss the complaint of an inmate. The subject complaint was filed *in forma pauperis* by a Missouri state prisoner incarcerated at this institution; the complaint asserts violations of 42 U.S.C. §§ 1983 and 1985 and subject matter jurisdiction under 28 U.S.C. § 1343(3) and (4).

■ For the purpose of deciding this motion to dismiss the Court will take all material allegations of the complaint as true and will construe them in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1959).

The subject complaint alleges that on December 7, 1972, plaintiff sought to mail twelve Christmas cards to persons outside the institution; and that five of these cards were returned to the plaintiff by the institution because the addressees were not on the approved mailing list for plaintiff. Plaintiff asserts that these actions violate his civil rights protected by the First, Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States. Plaintiff seeks to maintain this action as a class suit on behalf of all similarly situated Missouri Training Center for Men inmates. By this complaint he seeks recovery of substantial monetary damages and injunctive relief.

The Court also has before it the December 29, 1972, letter from plaintiff to Judge Webster of this Court which letter purports to be another complaint seeking injunctive relief. Therein, plaintiff alleges that he was not allowed to mail a

letter (attached) to the Columbia *Tribune,* a newspaper; and that the letter was returned to plaintiff by the penal institution because the addressee was not on the approved mailing list for plaintiff. The Court will consider this letter an amendment of the complaint.

Defendants seek to dismiss the action (a) for lack of subject matter jurisdiction, (b) for failure to state a claim upon which relief can be granted, and (c) because plaintiff is without capacity to sue by reason of § 222.010, R.S.Mo.1969.

■ The instant complaint pleads a claim purportedly under federal law and is a sufficient basis for the subject matter jurisdiction of the Court. Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L. Ed. 939 (1946).

■ With regard to the Christmas cards, plaintiff does not allege, expressly or impliedly, that the refused mailings had any significance other than the communication of holiday greetings. The issue thus presented is simply whether or not the limitation by the defendants, as administrators and employees of a penal institution, of inmate Christmas mailings is a violation of federally protected rights. The ruling of the Court in Lee v. Tahash, 352 F.2d 970, at 972 (8th Cir. 1965), requires that this issue be answered negatively. The Court there stated:

> . . . the fact that prison authorities, whether federal or state, have refused to allow mailing of some particular letter or letters or to some particular person or persons does not of itself afford basis for a prisoner to try to get into the federal courts. Nor will the fact that particular refusals seem to him to constitute improper interpretation of the prison regulations, or erroneous judgment on the letters themselves, or different treatment in relation to them than he feels has occurred as to some other prisoner or prisoners, of itself give rise to any justiciability. Whether improper interpretation, erroneous judgment, or variant administration

may be involved in the restriction of some particular correspondence is, without more, mere institutional incident and not matter of judicial domain.

■ The Court has examined the letter which plaintiff alleges he was unable to send to the Columbia, Missouri, newspaper. This letter answered derogatorily the comments made by one of the defendants in this action and comments made by a judge of this Court in the newspaper's interview with them regarding this action. Such a letter by its nature can adversely affect the penal institution's control and discipline of inmates were this publication to be made known within the institution. By refusing to allow the mailing of this letter, defendants have not violated plaintiff's federally protected rights. *Lee, supra*; McDonough v. Director of Patuxent, 429 F.2d 1189, 1193 (4th Cir. 1970).